UNITED STATES of America, Plaintiff–Appellee,

v.

Pedro SANCHEZ–ESPINOZA, Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

Roy Jack Bonilla, Defendant–Appellant.

Nos. 08–50185, 08–50187.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2009.

Filed Aug. 24, 2009.

Luella M. Caldito, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Cristina Gabrielidis Lechman, Esquire, Lechman & Lechman, Heather Ruth Rogers, Francisco Jose Sanchez, Esquire, Law Office of Francisco J. Sanchez, San Diego, CA, for Defendants–Appellants.

Before: RAWLINSON and BYBEE, Circuit Judges, and BEISTLINE,* District Judge.

MEMORANDUM **

Pedro Sanchez–Espinoza (Sanchez) and Roy Jack Bonilla (Bonilla) appeal their convictions and sentences after being convicted in a joint trial of conspiracy to bring illegal aliens to the United States for financial gain, conspiracy to transport illegal aliens, three counts of bringing illegal aliens to the United States for financial gain, and three counts of transporting illegal aliens.

**1.** The district court did not err by admitting evidence of prior smuggling incidents because they were inextricably intertwined with the conspiracy charges. *See United States v. DeGeorge,* 380 F.3d 1203, 1220 (9th Cir.2004). The district court did not abuse its discretion under Rule 403 in admitting the prior incidents because each was relevant evidence of Appellants' involvement in an ongoing alien-smuggling conspiracy. *See United States v. Montgomery,* 384 F.3d 1050, 1062 (9th Cir.2004).

**2.** The district court did not violate Appellants' rights to due process or to present a defense, because the district court's exclusion of Rene Martinez Gardoza's testimony was neither arbitrary nor disproportionate to Rule 403's purposes.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See United States v. Kincaid–Chauncey,* 556 F.3d 923, 934–35 (9th Cir.2009). Excluding evidence of minimal exculpatory value that presented a substantial danger of unfair prejudice "serve[d] important trial management interests by keeping the trial focused on germane issues." *Id.* at 935.

■ **3.** Under plain error review, there was sufficient evidence to support Appellants' "bringing to" convictions under an aiding and abetting theory. The facts support a finding that the initial footguides who brought the aliens to the United States had not ceased transporting them when Appellants became involved. *See United States v. Lopez,* 484 F.3d 1186, 1187–88 (9th Cir.2007) (en banc).

■ **4.** Under plain error review, there was sufficient evidence to support Appellants' convictions for conspiring to bring aliens to the United States. A reasonable jury could conclude that Appellants agreed to bring aliens to the United States, because Appellants' involvement occurred before the "bringing to" crime ended. *See United States v. Hernandez–Orellana,* 539 F.3d 994, 1007 (9th Cir. 2008). A reasonable jury could also conclude that Appellants acted in furtherance of this agreement when they delivered a van used to smuggle illegal aliens. *See Lopez,* 484 F.3d at 1188, 1197. Finally, a reasonable jury could conclude that a co-conspirator acted for the purpose of private financial gain in conspiring to bring illegal aliens to the United States. *See United States v. Mejia–Luna,* 562 F.3d 1215, 1220 (9th Cir.2009). Even if the district court erred in failing to require that the evidence prove that Appellants acted for their own financial gain, such error is not plain. *See United States v. Turman,* 122 F.3d 1167, 1170 (9th Cir. 1997) ("Plain error ... is error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection.") (citation omitted).

■ **5.** The district court complied with Rule 32 of the Federal Rules of Criminal Procedure by stating its resolution of the disputed issue regarding the number of aliens smuggled. *See United States v. Ingham,* 486 F.3d 1068, 1074 (9th Cir. 2007), *as amended.*

■ **6.** In applying sentencing enhancements pursuant to U.S.S.G. § 2L1.1(b)(2), the district court did not plainly err in applying the preponderance of the evidence standard of proof because the sentencing factor did not have an extremely disproportionate effect on Appellants' sentences relative to the offense of conviction. *See United States v. Felix,* 561 F.3d 1036, 1045 (9th Cir.2009). Furthermore, the district court did not plainly err in finding that Bonilla helped smuggle twenty-five to ninety-nine aliens. However, the district court plainly erred in finding that Sanchez smuggled at least one hundred aliens based on four smuggling incidents over five years and Sanchez's immense gambling losses. Such conjecture is insufficient to support application of a sentencing enhancement. *See United States v. Eirven,* 987 F.2d 634, 636 (9th Cir.1993). Rather, the district court was limited to an enhancement consistent with the evidence presented at trial, i.e., at least fifty-four aliens.

**7.** The district court did not plainly err in applying the bodily injury sentencing enhancements pursuant to U.S.S.G. § 2L1.1(b)(7). Any error in failing to analyze the foreseeability of the van driver's actions at the sentencing hearing, *see* U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Zelaya,* 114 F.3d 869, 871 (9th Cir.1997), did not prejudice Appellants because of the apparent foreseeability of the driver's actions. *See United States v. Gonzalez,* 492 F.3d 1031, 1040 (9th Cir.2007).

8. Bonilla's sentence was reasonable because, as discussed above, the district court did not commit a significant procedural error in sentencing Bonilla. *See United States v. Pham,* 545 F.3d 712, 716 (9th Cir.2008). As discussed above, the district court committed significant procedural error in sentencing Sanchez, requiring resentencing. *See id.*

9. Because the record is not sufficiently developed to address Sanchez's ineffective assistance of counsel claim, we will not review the challenge on direct appeal. *See United States v. Labrada–Bustamante,* 428 F.3d 1252, 1260 (9th Cir.2005).

**Bonilla's conviction and sentence are AFFIRMED.**

**Sanchez–Espinoza's conviction is AFFIRMED. Sanchez–Espinoza's sentence is VACATED and REMANDED for resentencing applying the enhancement for at least fifty-four aliens smuggled.**