J-S03029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE LAND | : | |
| | : | |
| Appellant | : | No. 957 EDA 2018 |

Appeal from the Judgment of Sentence February 27, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003372-2016

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                      **FILED FEBRUARY 28, 2019**

Appellant, George Land, appeals from the judgment of sentence entered on February 27, 2018. We affirm.

On February 19, 2015, Appellant pulled into a stranger's driveway. The stranger called the Plymouth Township Police Department because she did not recognize Appellant's vehicle. When police arrived, Appellant resisted arrest.

The following day, the Commonwealth charged Appellant with various offenses via criminal complaint. Thereafter, the Commonwealth charged Appellant via criminal information with two counts of disorderly conduct,[1]

_____

[1] 18 Pa.C.S.A. § 5503(a)(1), (a)(4).

aggravated assault,[2] possession with intent to deliver a controlled substance,[3] resisting arrest,[4] simple assault,[5] possession of a controlled substance by an unregistered person,[6] and driving under the influence of a controlled substance.[7] On August 8, 2017, Appellant moved to dismiss all charges under Pennsylvania Rule of Criminal Procedure 600. On October 5, 2017, the trial court denied that motion.

Trial commenced on November 28, 2017. Appellant called a neurologist to testify regarding injuries he suffered during the altercation with police. Appellant also attempted to call his mother and sister to testify regarding the injuries he suffered during the altercation with police. The trial court sustained the Commonwealth's objection to Appellant's mother's and sister's testimony. On November 29, 2017, a jury convicted Appellant of resisting arrest, simple assault, and possession of a controlled substance by an unregistered person. On February 23, 2018, the trial court sentenced Appellant to an aggregate

_____

[2] 18 Pa.C.S.A. § 2702(a)(3).

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S.A. § 5104.

[5] 18 Pa.C.S.A. § 2701(a)(1).

[6] 35 P.S. § 780-113(a)(16).

[7] 75 Pa.C.S.A. § 3802(d)(2).

term of 9 to 23 months' imprisonment followed by three years' probation. This timely appeal followed.[8]

Appellant presents two issues for our review:

1. Did the [trial] court improperly credit the Commonwealth with excusable delay in bringing this case to trial?

2. Is [Appellant] entitled to a new trial because the trial court erroneously excluded as irrelevant proffered evidence probative of injuries sustained by [Appellant] during the course of his arrest where that evidence was offered to show bias and motive on the part of the Commonwealth's police witnesses?

Appellant's Brief at 2.[9]

In his first issue, Appellant argues that the trial court erred by denying his motion to dismiss pursuant to Rule 600. We review a trial court's order denying a Rule 600 motion for an abuse of discretion. ***Commonwealth v. McCarthy***, 180 A.3d 368, 373 (Pa. Super. 2018), *appeal denied*, 193 A.3d 346 (Pa. 2018) (citation omitted). Our "scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party." ***Commonwealth v. Wendel***, 165 A.3d 952, 956 (Pa. Super. 2017) (citation omitted).

---

[8] The trial court did not order Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). Nonetheless, Appellant filed a concise statement that included both of the issues raised on appeal.

[9] We have renumbered the issues for ease of disposition.

Rule 600 provides, in relevant part:

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

* * *

(3)(a) When a judge or issuing authority grants or denies a continuance:
(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

(b) The determination of the judge or issuing authority is subject to review as provided in paragraph (D)(3).

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the

defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

* * *

(3) Any requests for review of the determination in paragraph (C)(3) shall be raised in a motion or answer filed pursuant to paragraph (D)(1) or paragraph (D)(2).

Pa.R.Crim.P. 600.

This Court has explained

the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018) (cleaned up).

The mechanical run date was February 22, 2016. Appellant concedes in his brief that he was responsible for 428 days of delay – 411 days between the filing of the complaint and the preliminary hearing and 27 days for a

mental health evaluation. The trial court found additional excludable delay and we agree with those findings. Appellant filed an omnibus pretrial motion which caused a 63-day delay. Moreover, Appellant requested a continuance on August 1, 2017 due to his expert being unavailable. Therefore, the seven days between that date and the filing of the Rule 600 motion were excludable. Hence, the adjusted run date was June 14, 2017.

On May 10, 2017, the Commonwealth moved for a continuance because a witness was unavailable due to a work-related injury and the police union's collective bargaining agreement. "It is well-settled that the Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." **Wendel**, 165 A.3d at 957 (cleaned up). As the witness' unavailability was beyond the control of the Commonwealth, the 83-day delay caused by this continuance request was excusable. That pushes the final run date to, at the earliest, September 5, 2017 – more than one month after Appellant filed his Rule 600 motion.[10] Hence, the trial court properly denied the Rule 600 motion.

---

[10] Because the time between the filing of a Rule 600 motion and the decision regarding that motion is *ipso facto* excludable, a trial court must evaluate a Rule 600 motion based on the date the motion was filed. Moreover, Appellant did not file a second Rule 600 motion. Therefore, the parties incorrectly include the time period between the date Appellant filed his Rule 600 motion and the date trial began in their analysis.

In his second issue, Appellant argues that the trial court erred by excluding the testimony of his mother and sister.[11] We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Commonwealth v. Kane*, 188 A.3d 1217, 1229 (Pa. Super. 2018), *appeal denied*, 197 A.3d 1180 (Pa. 2018) (citation omitted).

The trial court did not abuse its discretion by sustaining the Commonwealth's objection to the proffered testimony. The evidence was inadmissible under Pennsylvania Rule of Evidence 403, which provides that evidence is inadmissible if its probative value is "outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.Evid. 403.

The facts in this case are very similar to the facts in *Commonwealth v. Akrie*, 159 A.3d 982 (Pa. Super. 2017). In *Akrie*, the defendant sought to admit evidence that he was assaulted by police when he was arrested. According to the defendant in *Akrie*, the police charged him with more serious offenses because he complained about the assault.

---

[11] To the extent Appellant argues that the exclusion of the evidence violated his constitutional rights, that argument is waived. *See* Pa.R.A.P. 302(a). Moreover, even if such a challenge were not waived, it would be without merit. *See United States v. Sanchez-Espinoza*, 343 F. App'x 254, 256 (9th Cir. 2009); *see also United States v. Scheffer*, 523 U.S. 303, 308 (1998).

This Court held that the trial court did not abuse its discretion by excluding the evidence. First, this Court explained that the probative value of the evidence was low because it was not the extent of the injuries that Akrie suffered that was critical to his defense. *Id.* at 987. Rather, it was the fact that an alleged assault occurred. *See id.* This is even more true in this case because Appellant was charged on the night of the incident. At that time, police were not aware of the extent of any alleged injuries that Appellant suffered during the confrontation. It was the alleged fact that excessive force was used that was critical to Appellant's defense. The probative value of the proffered evidence in this case was, therefore, less than the similar evidence proffered in *Akrie*.

Moreover, in *Akrie* this Court concluded that "the risk of confusing the issues was great. If [the evidence] were admitted [] it is likely that the jury would have focused on [the officer's] use of excessive force instead of on whether [the defendant] committed the alleged offenses." *Id.* (cleaned up). In reaching this conclusion, this Court relied on persuasive authority from federal and state courts around the nation. *Id.* at 987-988 (collecting cases). The same is true in this case. The trial court permitted Appellant's neurologist to testify regarding the injuries Appellant allegedly suffered. The trial court also permitted Appellant to testify about the alleged assault. If the trial court permitted Appellant's mother and/or sister to testify regarding the alleged injuries Appellant suffered, the jury could have been confused into thinking

the trial was about the alleged police misconduct. Although the alleged police misconduct was part of Appellant's defense, the ultimate question was whether Appellant committed the alleged offenses. Because the probative value of the evidence did not outweigh the risk of confusing the jury, the trial court did not abuse its discretion in sustaining the Commonwealth's objection.[12]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/19

---

[12] Moreover, as Appellant and his neurologist testified as to the injuries Appellant allegedly suffered, allowing Appellant's mother and/or sister to also testify as to his injuries would "needlessly present [] cumulative evidence." Pa.R.Evid. 403.