J-S48028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERLIN BROWN | |
| Appellant | No. 575 MDA 2017 |

Appeal from the Judgment of Sentence Entered July 11, 2017
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0002461-2015

BEFORE:  OTT, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 18, 2017**

Appellant, Berlin Brown, appeals from the July 11, 2017 judgment of sentence imposing 15 days to 6 months of incarceration for driving on a suspended license and driving under the influence.[1]  We affirm.

Appellant was arrested and charged with the aforementioned offenses on March 25, 2016.  Rule 600(A)(2)(a) of the Pennsylvanian Rules of Criminal Procedure required the Commonwealth to bring Appellant to trial within one year of that date.  Appellant's trial commenced on July 11, 2016, or 109 days after the March 24, 2016 Rule 600 run date.  Before proceeding

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  75 Pa.C.S.A. §§ 1543, 3802

to trial, the trial court denied Appellant's Rule 600 motion to dismiss the charges. The propriety of that decision is the sole issue before us.

The principles governing our review are well settled:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Wendel*, 165 A.3d 952, 955–56 (Pa. Super. 2017).

At an August 20, 2015 pretrial hearing, defense counsel requested that trial be listed for the November term rather than the September term. Appellant concedes that the 55 days from September 8, 2015 through November 2, 2015 are excludable from the Rule 600 period. Appellant's Brief at 10. Appellant argues that no other time is excludable.

The trial court noted that Appellant was scheduled to stand trial on January 13, 2016 on other criminal charges pending against him in York County. The trial court issued a bench warrant for Appellant's arrest, and he was apprehended on March 9, 2016. The trial court excluded this 56-day period from the Rule 600. Appellant's 56-day flight from justice, added to the 55-days of concededly excludable time, yields 111 days of excludable time, enough to offset the 109-day delay between Appellant's mechanical run date and his trial. The trial court therefore found no Rule 600 violation.

Appellant argues the trial court erred in excluding his flight from justice from the Rule 600 computation in this case, because his trial was not scheduled to occur during that time and the Commonwealth did not seek a warrant in connection with this case. We find Appellant's argument specious. As explained above, we are required to construe Rule 600 in a manner consistent with society's right to punish and deter crime "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused." **Wendel**, 165 A.3d at 956. Appellant, not the Commonwealth, has committed the

misconduct in this case. In fleeing from the York County authorities, he rendered himself unavailable in this case as well as the other case pending against him. To ask the trial court to schedule trial during Appellant's flight would have been an act of futility on the Commonwealth's part, not an act of diligence. The trial court acted well within its permissible discretion in denying Appellant's Rule 600 motion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2017