J-S21003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AARON LEE FEAZELL, JR. | : | No. 1488 MDA 2021 |

Appeal from the Order Entered October 26, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002764-2020

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 15, 2022**

The Commonwealth of Pennsylvania appeals from the trial court's October 26, 2021 Order dismissing all charges against Appellee, Aaron Lee Feazell, Jr., for violation of Pa.R.Crim.P. 600. At issue in this case is the period during which the York County Court of Common Pleas had suspended jury trials. Pursuant to **_Commonwealth v. Carl_**, 276 A.3d 743 (Pa. Super. 2022), we find that this period is not attributable to the Commonwealth, vacate the trial court's order, and remand for reinstatement of the charges.

The Commonwealth filed a criminal complaint against Feazell on January 19, 2020. The court scheduled Feazell's preliminary hearing for January 31, 2020, and then rescheduled it to February 4, 2020. On February 4, 2020, Feazell requested a continuance of the preliminary hearing, which the trial

---

[*] Retired Senior Judge assigned to the Superior Court.

court granted and rescheduled it for March 17, 2020. The court then postponed the hearing to April 21, 2020.

On March 18, 2020, however, the Pennsylvania Supreme Court declared a judicial emergency due to the COVID-19 pandemic, which closed the courts for most functions until June 1, 2020.[1] Of most importance to our analysis, on May 28, 2020, then-President Judge Joseph C. Adams issued an order suspending jury trials in York County through August 31, 2020.

On June 30, 2020, the court held Feazell's preliminary hearing. The court eventually scheduled Feazell's trial for the trial pool that began on October 26, 2020, but the court did not call Feazell's case for trial. On November 24, 2020, the York County Court of Common Pleas again suspended jury trials due to COVID-19, from November 30, 2020, through February 28, 2021.

The court finally called Feazell's case to trial on October 25, 2021, 645 days after the Commonwealth filed charges against him. On that date, Feazell filed a Rule 600 motion to dismiss. The court held a hearing on Feazell's motion the following day, after which it granted the motion and dismissed all charges.

---

[1] *See In re General Statewide Judicial Emergency*, 228 A.3d 1283 (Pa. 2020); *In re General Statewide Judicial Emergency*, 229 A.3d 229 (Pa. 2020); *In re General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020); *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020).

The Commonwealth filed a timely Notice of Appeal and both it and the trial court complied with Pa.R.A.P. 1925. The Commonwealth raises the following issue for our review:

> The trial court erred in granting Defendant's motion to dismiss pursuant to Pa.R.Crim.P. 600[ by] not including in its excludable delay calculations the time period from July 1, 2020[,] through August 31, 2020[,] wherein there was a local order signed by [] Judge Adams suspending the statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial.

Commonwealth's Br. at 5.[2]

We generally review the trial court's disposition of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Harth*, 252 A.3d 600, 614 n.13 (Pa. 2021). Rule 600 requires that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Further, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." *Id.* at 600(C)(1).

The Rule 600 analysis entails three steps:

---

[2] The Commonwealth also argues that the court erred by (1) declining to exclude from its Rule 600 calculation the time from October 7, 2020, through October 26, 2020, and (2) finding that the Commonwealth failed to act with due diligence. Commonwealth's Br. at 5. We need not address these arguments, however, given our disposition of the Commonwealth's first issue in its favor.

First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(D). As we have explained, Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

***Commonwealth v. Wendel***, 165 A.3d 952, 956–57 (Pa. Super. 2017) (citation omitted).

In the instant case, the trial court properly determined that Feazell's mechanical run date was January 18, 2021. N.T. Hearing, 10/26/21, at 51. The record likewise supports the trial court's finding that the 165-day delay caused by the judicial response to the COVID-19 pandemic[3] and the 42-day delay caused by Feazell's requested continuance of his preliminary hearing constitute excludable time not attributable to the Commonwealth. ***Id.*** at 51-52; Trial Ct. Op., 12/20/21, at 4-5.

At issue is the time during which the York County Court of Common Pleas had suspended all jury trials, that is the 91-day period from June 1, 2020, to August 31, 2020. The trial court determined that because no

---

[3] As stated *supra*, a series of judicial declarations suspended jury trials in York County from March 18, 2020, to June 1, 2020, and November 30, 2020, to February 28, 2021.

postponements occurred in the instant case during that period, it was not excludable time and was, therefore, properly counted against the Commonwealth. Trial Ct. Op. at 5-7. We disagree.

The relevant emergency declaration reads as follows:

DECLARATION

Per the Supreme Court's Order dated May 27, 202[0,] authorizing President Judges to declare judicial emergencies in their judicial districts, I declare a judicial emergency in the 19th Judicial District through August 31, 2020. During the emergency the following shall apply:

* * *

(3) Suspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial.

Any postponement caused by the judicial emergency shall be considered a court postponement and shall constitute excludable time for purposes of the application of Rule 600. ***See Commonwealth v. Bradford***, 46 A.3d 693 (Pa. 2012) and ***Commonwealth v. Mills***, 162 A.3d 323 (Pa. 2017).

Trial Ct. Or., 5/28/20.

In ***Commonwealth v. Carl***, 276 A.3d 743 (Pa. Super. 2022), this Court recently interpreted the plain language of the York County Declaration as providing that, regardless of the procedural posture of the case leading up to trial, the period of June 1, 2020, through August 31, 2020, is not to be included in Rule 600 calculations:

Construing Subsection (3) in accordance with the plain meaning of its words, we find that it clearly and simply directs that rule-based, "prompt trial" time computations are suspended for the duration of the judicial emergency at hand. **The intended effect on Rule 600 computations in criminal cases existing at that time is thus evident: such computations are to be held in**

**abeyance and shall not include days transpiring during the effective time of the Declaration until the expiration of the declared emergency**, at which time resumption or commencement of such computations may proceed.

*Id.* at 750 (emphasis added).

As a result of this Court's interpretation that Rule 600 "computations are to be held in abeyance" during the effective dates of the subject declaration, we are bound to conclude that the 91 days from June 1, 2020, to August 31, 2020, should have been excluded from the Rule 600 computation in Feazell's case. Consequently, the Commonwealth was required to bring Feazell to trial on or before November 12, 2021.[4] As Feazell's jury trial began on October 25, 2021, the Commonwealth satisfied Rule 600, and the trial court abused its discretion in granting Feazell's motion to dismiss.

We, thus, vacate the Order granting the Rule 600 motion and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/15/2022

---

[4] The total excludable time in Feazell's case is 298 days—165 days caused by the judicial response to the COVID-19 pandemic, 42 days caused by Feazell's requested continuance, and the 91 days from June 1, 2020, to August 31, 2020. We add 298 days to January 18, 2021, Feazell's mechanical run date, to find his adjusted run date of November 12, 2021.