J-S32026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DENNIS MERCADO | : | No. 398 MDA 2022 |
| | | |
| Appellee | | |

Appeal from the Order Entered February 1, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002651-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: NOVEMBER 7, 2022**

The Commonwealth appeals from the trial court's February 1, 2022 order granting Appellee's, Dennis Mercado, motion to dismiss the charges pending against him pursuant to Pa.R.Crim.P. 600. The Commonwealth avers that the trial court erred by not excluding, from its Rule 600 calculations, a period of time during which a local order declared a judicial emergency in light of the Covid-19 pandemic. After careful review, we vacate the trial court's order and remand for further proceedings.

The facts of Appellee's underlying charges are not pertinent to the issue the Commonwealth raises on appeal. We need only note that on May 24, 2020, the Commonwealth filed a criminal complaint against Appellee. Before his case proceeded trial, Appellee filed, on December 3, 2021, a motion to

dismiss the charges pending against him due to an alleged violation of Rule 600. The trial court conducted a Rule 600 hearing on February 1, 2021. It issued an order that same day granting Appellee's motion to dismiss.

The Commonwealth filed a timely notice of appeal, as well as a certification under Pa.R.A.P. 311(d) that the court's order substantially handicapped or terminated its case. It also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on May 2, 2022. Herein, the Commonwealth states one issue for our review, claiming that "[t]he trial court erred in granting [Appellee's] motion to dismiss pursuant to [Rule] 600." Commonwealth's Brief at 5.

We begin by recognizing that,

> [w]hen presented with a speedy trial claim arising under Pennsylvania Rule of Criminal Procedure 600, our standard of review is well settled.
>
> > In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
> >
> > The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa. Super. 2018) (citation and emphases omitted), *appeal denied*, … 219 A.3d 597 ([Pa.] 2019). The Commonwealth bears the burden of proving, by a preponderance of evidence, that it acted with due diligence throughout the proceedings. ***See Commonwealth v. Kearse***, 890 A.2d 388, 393 (Pa. Super. 2005).

Pennsylvania Rule of Criminal Procedure 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). In computing the Rule 600 deadline, however, we do not necessarily count all time following the filing of the complaint. Rather, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

The Rule 600 analysis thus entails three steps:

First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists

> pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[ ] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.
>
> ***Commonwealth v. Wendel***, 165 A.3d 952, 956–57 (Pa. Super. 2017) (citation omitted).

***Commonwealth v. Carl***, 276 A.3d 743, 748–49 (Pa. Super. 2022), *reargument denied* (July 7, 2022).

Here, the criminal complaint was filed against Appellee on May 24, 2020, making the mechanical run date May 24, 2021. Due to delays that Appellee conceded should be excluded for Rule 600 purposes, he contended in his motion to dismiss that the adjusted run date was October 22, 2021. He filed his motion to dismiss the charges against him under Rule 600 on December 3, 2021. The trial court agreed with Appellee's calculations, and it granted his motion to dismiss.

The Commonwealth, however, avers that the court should have excluded the 90-day period between June 2, 2020 and August 31, 2020, which would have pushed the adjusted run date to January 20, 2022. It explains that, due to the Covid-19 pandemic, on May 27, 2020, the President Judge of the York County Court of Common Pleas issued a Declaration of Judicial

Emergency (hereinafter, "Declaration") that "suspend[ed] the statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial" through August 31, 2020. Commonwealth's Brief at 5. Specifically, the Declaration stated:

> Per the Supreme [C]ourt's Order dated May 27, 202[0] authorizing President Judges to declare judicial emergencies in their judicial districts, I declare a judicial emergency in the 19th Judicial District through August 31, 2020.
>
> During the emergency the following shall apply:
>
>> 1) Limit in-person access and proceedings in order to safeguard the health and safety of court personnel, court users, and members of the public;
>>
>> 2) Suspend statewide rules that restrict, directly or indirectly, the use of advanced communication technologies; and
>>
>> 3) Suspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial.
>
> Any postponement caused by the judicial emergency shall be considered a court postponement and shall constitute excludable time for purposes of the application of Rule 600.

Trial Court Opinion (TCO), 5/2/22, at 2 (emphasis omitted). The Commonwealth contends that the plain language of this Declaration required the exclusion of the time between June 2, 2020 and August 31, 2020 for Rule 600 purposes.[1]

---

[1] While the Declaration was issued May 27, 2020, the Commonwealth observes that Appellee "conceded the time periods between May 24, 2020 through June 1, 2020," as well as "October 2, 2020 through November 30, 2020, and December 14, 2020 through February 28, 2021." Commonwealth's Brief at 8. Thus, the time period at issue is from June 2, 2020 through August 31, 2020.

The trial court, however, disagreed. Although acknowledging "sub-paragraph (3) of [the] Declaration," the court found that "the concluding paragraph … clarifies sub-paragraph [(3)] such that any postponement has to be **caused by the judicial emergency** to be considered excludable time for Rule 600 purposes." *Id.* at 2 (emphasis in original). The court continued: "As a result, and because there was no evidence presented to indicate that there was any postponement due to the judicial emergency, … the [t]rial [c]ourt properly included the time from June 2, 2020 to August 31, 2020 in the calculation of time for Rule 600 purposes." *Id.* at 3.

On appeal, the Commonwealth argues that the trial court misinterpreted the Declaration. It insists that "[t]he plain meaning of … [the] [D]eclaration is that Rule 600 was suspended until August 31, 2020." Commonwealth's Brief at 16. It observes that "[t]he [D]eclaration did not distinguish between cases that had been listed for trial, that were waiting for pre-trial conferences, or that were still at the preliminary hearing stage." *Id.* Accordingly, the Commonwealth concludes that "the suspension of Rule 600 affected all cases, regardless of their status[,]" and the "application of … [the D]eclaration requires that the time period between June 2, 2020 through August 31, 2020 not be assessed against the Commonwealth." *Id.* at 16-17.

We agree. In *Carl*, this Court addressed the same argument by the Commonwealth regarding the Declaration issued in York County. There, as in this case, the trial court refused to exclude time between the issuance of the Declaration and its expiration on August 31, 2020, reasoning that

- 6 -

the Declaration had no bearing on … [Carl's] case where it caused neither delay nor a postponement of any of its proceedings. Thus, the court refused to extend Carl's adjusted run date by the requested 60 days[2] and proceeded to conduct its examination of the Commonwealth's due diligence in bringing the present case to trial.

Critical to the trial court's due diligence inquiry was its observation that no discernable backlog of pending criminal trials had occurred in York County during the relevant time here, and it produced a list of 15 criminal cases with less Rule 600 urgency that the Commonwealth had elected to bring to trial before the present case. It concluded, therefore, that the Commonwealth had not demonstrated appropriate time management here.

*Carl*, 276 A.3d at 747.

On appeal in *Carl*, the Commonwealth "urge[d] this Court to conclude that the plain language of the Judicial Emergency Declaration's Subsection (3) mandated the suspension of time computations taken under statewide rules governing a criminal defendant's rights to a prompt trial." *Id.* at 749. The *Carl* panel agreed, explaining:

Construing Subsection (3) in accordance with the plain meaning of its words, we find that it clearly and simply directs that rule-based, "prompt trial" time computations are suspended for the duration of the judicial emergency at hand. The intended effect on Rule 600 computations in criminal cases existing at that time is thus evident: such computations are to be held in abeyance and shall not include days transpiring during the effective time of the Declaration until the expiration of the declared emergency, at which time resumption or commencement of such computations may proceed.

*Id.* at 750.

Regarding the final paragraph of the Declaration, we found that it

---

[2] Specifically, the Commonwealth sought to exclude a 60-day period from June 29, 2020 through August 31, 2020, under the Declaration. *Id.* at 747.

serves as a supplement to Subsection (3) that extends the Rule 600 exception therein to postponements "caused by" the judicial emergency, which would thus include even those consequential postponements occurring after the expiration of the emergency.

Given the uncertainties of the [Covid-19] pandemic's course, it was reasonable to anticipate that the judicial emergency would have downstream effects, such as the possible creation of a protracted criminal case backlog. Upon the eventual expiration of the declared emergency, however, Subsection (3)'s time computation suspension would expire with it.

The prospective posture of the Declaration's final paragraph, however, addresses this potential void by providing an ongoing, explicit, local policy in those cases that continue to experience postponements stemming from the judicial emergency even after the emergency state, itself, has been lifted.

The final paragraph, therefore, functions as a judicial response to the anticipated need for fair time computation and case management demands in the wake of any emergency-caused postponement, occurring either during or after the emergency. **It does not, however, in any discernable way limit the immediate, preemptive, and plain mandate in Subsection (3) to suspend statewide rules pertaining to the rights of criminal defendants to a prompt trial "during the emergency."**

*Id.* (emphasis added).

Ultimately, the *Carl* panel held that "[t]he plainly-worded Subsection (3) unambiguously suspended in criminal cases all rule-based, 'prompt trial' time computations for the duration of the Declaration's effective period, and **nothing in the subsequent paragraph of the Declaration placed qualifications or limitations on this absolute, temporary suspension**." *Id.* at 751 (emphasis added). Accordingly, the panel "found that the 60-day time period in question should have been excluded from the Rule 600 time computation in Mr. Carl's case." *Id.* at 750.

We reach the same decision in the instant case. Under our holding in ***Carl***, it is clear that the trial court erred by determining that the final paragraph of the Declaration "clarifies sub-paragraph three such that any postponement has to be **caused by the judicial emergency** to be considered excludable time for Rule 600 purposes." TCO at 2 (emphasis in original). Instead, the plain language of sub-paragraph (3) of the Declaration required the exclusion, for Rule 600 purposes, of the 90 days between June 2, 2020 and August 31, 2020. Excluding those 90 days results in an adjusted run date of January 20, 2022. Accordingly, the court erred by granting Appellee's motion to dismiss the charges, which was filed on December 3, 2021. We vacate the court's order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/07/2022