J-S37009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIGUEL TORRES | : | No. 2919 EDA 2024 |

Appeal from the Order Dated October 2, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005507-2023

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 23, 2026**

The Commonwealth appeals from the order granting Appellee Miguel Torres's motion filed pursuant to Pa.R.Crim.P. 600.[1]  The Commonwealth asserts that the trial court violated the mandates of **Commonwealth v. Lear**, 325 A.3d 552, 560 (Pa. 2024), by failing to consider the cause of delays resulting from defense requests for continuances before concluding the Commonwealth had failed to act with due diligence throughout the life of the case.  Following our careful review, we reverse the order granting the motion and dismissing the charges, and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth also appealed the dismissal of Appellee's co-defendant's cases following the grant of the Rule 600 motion.  *See* **Commonwealth v. Lawal**, 2921 EDA 24; **Commonwealth v. King**, 2935 EDA 2024.

On May 5, 2023, the Commonwealth charged Appellee and two others, all co-workers at Home Depot, with Theft by Unlawful Taking – Movable Property and six related crimes following an investigation into the disappearance of building materials from store inventory.  At a status listing on May 15, 2023, the Commonwealth and Appellee jointly requested a continuance for further investigation, which the court granted.  The court scheduled a status hearing for June 20, 2023.

On June 20, 2023, both parties indicated that they were ready to proceed with the preliminary hearing, and the court indicated that the preliminary hearing would be on July 3, 2023.  However, after the prosecutor stated that that date was not good for her, the court scheduled the preliminary hearing for August 4, 2023. On August 4, 2023, Appellee waived his preliminary hearing and two charges were withdrawn by agreement. Following the joinder of Appellee's co-defendants on August 10, 2023, the court formally arraigned the defendants.  The docket indicates that discovery was complete on August 18, 2023.

Of most importance to our analysis is the period from September 14, 2023, until January 25, 2024, a period of 133 days. The docket reveals that the court scheduled hearings three times and at each hearing, the defense requested a continuance, which the trial court granted. On January 25, 2024, the court held a pre-trial conference and, at a scheduling conference on February 6, 2024, the court scheduled a waiver trial for May 31, 2024.

On May 31, 2024, the Commonwealth requested a continuance due to the unavailability of a witness. The court granted the continuance and scheduled the waiver trial for October 2, 2024.

On September 30, 2024, Appellee, later joined by his co-defendants, filed a motion to dismiss pursuant to Pa.R.Crim.P. 600.

On October 2, 2024, the trial court held a hearing on the motion at which defense counsel argued that the period of delay occurring between September 14, 2023, and January 25, 2024, when it requested continuances for further investigation, should be included in the Rule 600 calculation against the Commonwealth because the Commonwealth's delay in providing mandatory discovery demonstrated that it had not acted with due diligence. Appellee's counsel argued that because "after two dates[,] discovery still remained outstanding" and she "was continuing to receive discovery as of yesterday," "the Commonwealth has not been ready to proceed to trial, therefore all of that time should count against the Commonwealth, except that excludable time where there was a joint request for further investigation at the preliminary hearing stage." N.T. Mot. Hr'g, 10/2/24, at 8-9.

The Commonwealth responded that it had provided "all the evidence the Commonwealth had in their possession" and it was ready to move forward as of March 25, 2024. *Id.* at 10. The Commonwealth also noted that "[a]nything else that would have been outstanding was something that we requested from Home Depot that they never sent over." *Id.* at 10-11. The Commonwealth

acknowledged that it had not passed certain "FBI extracts"[2] until the day prior to the Rule 600 hearing. *Id*. at 12. There was no discussion of when those FBI extracts became available to the Commonwealth.

Following argument, the court granted the Rule 600 motion and dismissed the case. The Commonwealth filed a motion for reconsideration, which the court denied.

The Commonwealth appealed to this Court on November 1, 2024, and filed a Pa.R.A.P. 1925(b) Statement. The court filed a responsive opinion pursuant to Rule 1925(a).

The Commonwealth presents the following statement of question involved:

> Did the lower court err by dismissing theft and related charges under [R]ule 600, where fewer than 365 potentially includable days had passed before the charges were dismissed and where time resulting from three unilateral defense continuance request should have been rule excludable[?]

Commonwealth's Br. at 4.

We review the trial court's disposition of a Rule 600 motion for an abuse of discretion. ***Commonwealth v. Burno***, 154 A.3d 764, 793 (Pa. 2017). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." ***Id.*** (citation omitted). "Our scope of review is limited

---

[2] FBI extracts may include genetic profiles and DNA analysis.

to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Id***. (citation omitted).

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

***Commonwealth v. Brown***, 875 A.2d 1128, 1133 (Pa. Super. 2005) (citation omitted).

Rule 600 requires that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The 365th day following the filing of the complaint is known as the mechanical run date, which may be extended under certain circumstances. ***Commonwealth v. Wendel***, 165 A.3d 952, 956–57 (Pa. Super. 2017).[3] When a defendant seeks dismissal based on a violation of Rule 600, the court first establishes the mechanical run date, then determines whether any periods of delay are excludable and, if so, it extends the mechanical run date to account for the

_____

[3] ***See generally Barker v. Wingo***, 407 U.S. 514, 521-22 (1972); U.S. CONST. amend. VI.

periods of excludable delay to, thus, arrive at the adjusted run date. Pa.R.Crim.P. 600(C). The Commonwealth must bring a defendant to trial by the adjusted run date. **Commonwealth v. Roles**, 116 A.3d 122, 125 (Pa. Super. 2015). "For purposes of [Rule 600(A)], periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

Our Supreme Court recently explained that the first sentence of Rule 600(C)(1) provides "the general rule" and establishes "two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth, and (2) the Commonwealth must have failed to exercise due diligence." **Lear**, 325 A.3d at 560 (citation and emphasis omitted). The **Lear** Court clarified that "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." **Id.** at 560 n.7. "This means that the trial court must first consider the cause of the delay before analyzing the Commonwealth's diligence in meeting discovery obligations over the life of the case." **Commonwealth v. Walker**, 331 A.3d 43, 48 (Pa. Super. 2025), *appeal denied*, 343 A.3d 727 (Pa. 2025). In other words, the trial court only considers whether the Commonwealth acted with due diligence in those

situations in which the trial court first determines that it was the Commonwealth who caused the delay. When some other factor, such as a factor out of the control of the Commonwealth, caused the delay, the court does not consider the Commonwealth's due diligence, but rather adds the period of delay to the mechanical run date.

It is well established that when a court grants a continuance at the request of the defense, the resulting period of delay is not included in the Rule 600 calculation and, thus, that delay will extend the date by which trial must occur. **Commonwealth v. McCarthy**, 180 A.3d 368, 376 (Pa. Super. 2018); **see also Walker**, 331 A.3d at 48 (holding that a defense request for a continuance for further investigation "must be excluded.").

Pennsylvania Rule of Criminal Procedure 573 governs pre-trial discovery in criminal cases. The rule lists certain evidence that is subject to mandatory disclosure by the Commonwealth when it is: (1) requested by the defendant, (2) material to the case, and (3) within the possession or control of the prosecutor. **See** Pa.R.Crim.P. 573(B)(1)(a)-(g).[4] This Court has recognized

---

[4] Rule 573(B) provides that "mandatory discovery" includes "(a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth; (b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth; (c) the defendant's prior criminal record; (d) the circumstances and results of any identification of the defendant by voice, photograph, or in-person identification; (e) any results or
*(Footnote Continued Next Page)*

that a delay caused by a defense request for non-mandatory discovery is not includable against the Commonwealth. **Commonwealth v. Andrews**, 213 A.3d 1004, 1013-14 (Pa. Super. 2019). In addition, where evidence is equally accessible to both parties, the Commonwealth should not be penalized for the defendant's failure to avail himself of the evidence. **See Commonwealth v. Santos**, 176 A.3d 877, 883 (Pa. Super. 2017); **see also Commonwealth v. Corbin**, 2025 WL 945815 at *7 (Pa. Super. 2025) (unpublished memorandum decision) (reversing grant of Rule 600 motion where, *inter alia*, the lower court had not made a finding that the discovery at issue was equally accessible to both parties).

Here, the Commonwealth filed the criminal complaint on May 5, 2023, and thus, Appellant's mechanical run date for purposes of Rule 600 was May 5, 2024. When Appellant filed his Rule 600 Motion on September 30, 2024, 512 calendar days had passed since the Commonwealth filed the criminal complaint. The parties and the trial court agree that 36 days of this time is excludable due to the grant of the joint request for a continuance requested

---

reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant that are within the possession or control of the attorney for the Commonwealth; (f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence; and (g) the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained." Pa.R.Crim.P. 573(B)(1)(a)-(g).

just 10 days after the criminal complaint was filed. N.T. Mot. Hr'g, 10/2/24, at 7. The adjusted run date for trial to commence, thus, became June 10, 2024.

In its Rule 1925(a) Opinion, the court acknowledged that the 133-day period of delay between September 2023 and January 2024 "could be considered excludable due to Appellee's actions" in requesting continuances. Tr. Ct. Op., 12/30/24, at 5 (unpaginated). The trial court, nonetheless, concluded that because the Commonwealth conceded it had not turned over a 483 statement[5] until October 1, 2024, the delay caused by the defense's continuance requests should be counted against the Commonwealth. *Id.*

The Commonwealth argues that 169 days of delay "were attributable to defense and joint continuance requests and were therefore excludable as a matter of law." Commonwealth's Br. at 10. The Commonwealth notes that the docket labeled the defense requests as "defense requests for 'further investigation,' and defendants did not object to those designations." *Id*. The Commonwealth further notes that Appellee's counsel acknowledged that she requested those continuances for further investigation in the Rule 600 motion to dismiss and argues that "[a]s a matter of law, because those continuances were unilateral defense requests, they were excludable." *Id*. at 10-11. The Commonwealth argues that the "lower court incorrectly attributed those

---

[5] A 483 statement is a witness's statement provided to law enforcement.

defense continuance requests to the Commonwealth on the grounds that the Commonwealth was not duly diligent in passing discovery before [Appellee] even began requesting those continuances. However, lack of due diligence in this regard did not cause the delay." *Id*. at 11. The Commonwealth emphasizes that the *Lear* court "cautioned against 'reading the language of Rule 600 out of order' and clarified that 'the causation analysis precedes the due diligence inquiry.'" *Id.* (quoting *Lear, supra*).

In reaching its determination, the trial court did not consider the cause of the delay first, as required by the mandates of *Lear, supra*, and *Walker, supra*. Rather, the trial court immediately determined that the Commonwealth failed to act with due diligence beginning from just one month after the criminal complaint was filed, and counted all delay from June 9, 2023, which was just one month following the filing of the criminal complaint, against the Commonwealth. We conclude the court, thus, abused its discretion by failing to apply applicable law.

In this case, the period of time at issue is from September 14, 2023, to January 25, 2024. The docket indicates that the defense requested and received three continuances "for further investigation:" on September 14, 2023, which resulted in a 28-day delay; on October 12, 2023, which resulted in 62-day delay; and on December 13, 2023, which resulted in a 43-day delay. Because the defense requested each of these continuances, the cause of the aggregate 133 days of delay between September 14, 2023, and January 25,

2024, is attributable to the defense. As such, pursuant to **Lear** and **Walker,** **_supra_**, the Commonwealth's diligence at the time the defense requested each continuance is not relevant when calculating the adjusted run date of the trial.

The 133-day delay attributable to the defense extended the adjusted run date from June 10, 2024, to October 21, 2024. Accordingly, Appellee's Rule 600 motion filed September 30, 2024, was premature and the court abused its discretion in granting the motion and dismissing the case.

Order reversed. Dismissal of charges vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/23/2026