J-S41040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREEDOM BEY | : | |
| | : | |
| Appellant | : | No. 202 WDA 2023 |

Appeal from the PCRA Order Entered February 9, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010884-2008

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: December 18, 2023**

Appellant Freedom Bey appeals the order of the Court of Common Pleas of Allegheny County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] Appellant claims trial counsel was ineffective for failing to raise a pretrial claim to dismiss his charges based on Pa.R.Crim.P. 600. We affirm.

On July 16, 2010, a jury convicted Appellant of first-degree murder and carrying a firearm without a license.  Appellant was sentenced to a term of life imprisonment.   On July 12, 2013, this Court affirmed the judgment of sentence and on November 27, 2013, the Supreme Court denied his petition for allowance of appeal.

On December 3, 2014, Appellant filed a PCRA petition, seeking a new trial based on newly-discovered surveillance footage.  The Commonwealth did

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

not contest Appellant's request for a new trial. On October 11, 2017, the PCRA court granted Appellant's petition and awarded him a new trial.

On January 16, 2018, Appellant filed a pretrial motion claiming, *inter alia*, that his retrial was barred by double jeopardy principles. On September 4, 2018, the trial court denied the pretrial motion, but indicated its final findings of fact and conclusions of law would be forthcoming. On September 10, 2018, the trial court issued its findings of fact and conclusions of law.

On October 2, 2018, Appellant filed an interlocutory appeal from the trial court's order denying his pretrial motion. On January 24, 2020, this Court affirmed the trial court's order and on November 4, 2020, the Supreme Court denied Appellant's petition for allowance of appeal.

On May 10, 2022, Appellant entered a guilty plea to third-degree murder and carrying a firearm without a license. The trial court sentenced Appellant to an aggregate term of seven and a half (7½) to fifteen (15) years' imprisonment. Appellant did not file a direct appeal.

On September 12, 2022, Appellant filed the instant PCRA petition, alleging trial counsel was ineffective in failing to file a pretrial motion seeking dismissal of the charges based on a Rule 600 violation. On January 19, 2023, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 9, 2023, the PCRA court dismissed the petition.

Appellant filed a timely appeal and complied with the PCRA court's directions to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's sole claim on appeal is that the PCRA court erred in finding that trial counsel was not ineffective in failing to raise a Rule 600 challenge. Our standard of review is as follows:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (quotation marks and quotations omitted).

In addressing Appellant's ineffectiveness claim, we are guided by the following principles:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. ***See Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. ***See Pierce***, ***supra***; ***Commonwealth v. Holloway***, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

> [*Commonwealth v. Natividad*, 595 Pa. 188, 207–208, 938 A.2d 310, 321 (2007);] *see also Commonwealth v. Hall*, 582 Pa. 526, 537, 872 A.2d 1177, 1184 (2005) (stating an appellant's failure to satisfy any prong of the *Pierce* ineffectiveness test results in a failure to establish the arguable merit prong of the claim of ineffectiveness).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018).

Appellant argues that he felt he had no choice but to enter a guilty plea as he alleges that counsel refused to file a pretrial motion based on Rule 600. We emphasize that "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012–13 (Pa.Super. 2016) (quoting *Commonwealth v. Moser,* 921 A.2d 526, 531 (Pa.Super. 2007) (citation omitted)).

We agree with the trial court that Appellant failed to show that counsel was ineffective in his handling of the Rule 600 motion such that counsel's advice caused Appellant to enter an involuntary or unknowing plea.

Rule 600 states that: "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). In regards to the computation of time, Rule 600 provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence," while "[a]ny other periods of delay

shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). The Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice. Pa.R.Crim.P. 600(D)(1).

Our courts have analyzed Rule 600 claims through the following analysis:

> First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Commonwealth v. Carl*, 276 A.3d 743, 748–49 (Pa.Super. 2022) (quoting *Commonwealth v. Wendel*, 165 A.3d 952, 956–57 (Pa. Super. 2017) (citation omitted).

In this case, Appellant was awarded a new trial on October 12, 2017, which makes the mechanical run date October 12, 2018. Appellant does not challenge the trial court's finding that Appellant's litigation of his pretrial motions resulted in excludable time from January 16, 2018 (upon the filing of

- 5 -

the pretrial motions) until the conclusion of Appellant's interlocutory appeal of the denial of his pretrial motion.

As noted above, the trial court denied Appellant's pretrial motion on September 10, 2018, this Court affirmed the trial court's decision on January 24, 2020, this Court denied reargument on April 2, 2020, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 4, 2020. Appellant did not appeal to the Supreme Court of the United States. Appellant claims that the Rule 600 clock began running on February 2, 2021, after the ninety-day time period for filing an appeal with the Supreme Court of the United States expired.

However, Appellant ignores the trial court's determination that Rule 600 calculations were also suspended during the judicial emergency caused by the COVID-19 pandemic. Specifically, on March 16, 2020, the Pennsylvania Supreme Court declared a statewide judicial emergency due to the COVID-19 pandemic and authorized the president judges of each district to declare local judicial emergencies and to suspend the operation of Rule 600 in their districts. *In re General Statewide Judicial Emergency*, 228 A.3d 1281 (Pa. Mar. 16, 2020). Even after the statewide judicial emergency ended on June 1, 2020, the Supreme Court empowered the president judge of each district to enter self-effectuating declarations of judicial emergency beyond June 1, 2020 and provided that the local emergencies would remain in full force and effect. *In re General Statewide Judicial Emergency*, 234 A.3d 408, 409 (Pa. May 27, 2020).

- 6 -

This Court has previously discussed how the judicial emergency affected the application of Rule 600 in Allegheny County.

> In light of the Supreme Court's statewide judicial emergency orders, the Honorable Kim Berkeley Clark, President Judge of the Court of Common Pleas of Allegheny County, issued a Declaration of Judicial Emergency for the Fifth Judicial District, which is comprised of Allegheny County. In that order, President Judge Clark explicitly suspended the operation of Rule 600 "during the period of the local judicial emergency," which then was designated to last from March 16, 2020 through April 14, 2020. ***See In Re: Fifth Judicial District – Declaration of Judicial Emergency***, Declaration, P.J. Clark, 3/16/20, at 1 (single page)[] …
>
> Over the ensuing months, President Judge Clark entered multiple orders extending the local judicial emergency and continuing the suspension of Rule 600 in the Fifth Judicial District through June 30, 2021.
>
> On June 21, 2021, our Supreme Court issued a *per curiam* order, stating that president judges were no longer authorized to declare judicial emergencies, and, "to the extent declarations of local judicial emergencies [were] in effect suspending the rule-based right of criminal defendants to a prompt trial," those declarations "may remain in effect until August 31, 2021." President Judge Clark then sought and was granted permission by our Supreme Court to suspend the application of Pennsylvania Rule of Criminal Procedure 600 in the Fifth Judicial District through October 1, 2021, subject to constitutional limitations.[2] Accordingly, Rule 600 was suspended in Allegheny County from March 16, 2020, through October 1, 2021, subject to constitutional limitations.

---

[2] ***In Re: 5th Judicial District (Allegheny County) – Declaration of Judicial Emergency***, No. 23 WM 2020, Order, 8/30/21 (*per curiam*), at 1 (unnumbered) ("The President Judge of the Fifth Judicial District is authorized to suspend Rule of Criminal Procedure 600 ... subject to state and federal constitutional limitations, through October 1, 2021."), available at https://www.pacourts.us/Storage/media/pdfs/20210831/200515-aug30 alleghenycountyalleghenycountyjudicialemergency(rule600andactthrough 10-1-21).pdf.

*Commonwealth v. King*, 2023 WL 3675825, 449 WDA 2022 (Pa.Super. March 14, 2023) (unpublished memorandum) (footnotes and some citations omitted).[3]

In **Carl**, this Court held that a delay period caused by an order unambiguously suspending Rule 600 during the COVID-19 emergency should not be included in the Rule 600 calculation nor should the Commonwealth's due diligence obligations be considered during those closures. **See also** **Commonwealth v. Lear**, 290 A.3d 709, 719 (Pa.Super. 2023) (holding that "if an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence").

In this case, Appellant does not make any attempt to address or challenge the trial court's finding that Rule 600 was suspended in Allegheny County from March 16, 2020 until October 1, 2021. The local emergency orders in Allegheny County unambiguously extended the suspension of Rule 600 "subject to constitutional limitations." Appellant does not and has never claimed that trial counsel was ineffective for failing to raise a claim for dismissal on the basis of a violation of his constitutional right to a speedy trial under the U.S. or Pennsylvania Constitutions. Pa.R.A.P. 302(a) ("[i]ssues not

---

[3] Unpublished memoranda "filed after May 1, 2019, may be cited for their persuasive value, pursuant to Pa.R.A.P. 126(b)." Pa.Super.Ct. I.O.P. § 65.37.

raised in the lower court are waived and cannot be raised for the first time on appeal").

As such, the trial court properly excluded the period of delay between January 16, 2018 until October 1, 2021 from the Rule 600 computation, resulting in an adjusted run date of June 27, 2022. Given that Appellant entered his guilty plea on May 10, 2022, the Commonwealth did bring Appellant to trial before the final run date.

Accordingly, as Appellant failed to show his underlying claim has arguable merit, his ineffectiveness claim fails. ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) ("[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim") (citation omitted).

For the foregoing reasons, we affirm.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


12/18/2023