J-S35034-17

2017 PA Super 178

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA A. WENDEL :
:
Appellant : No. 1838 WDA 2016

Appeal from the Judgment of Sentence June 27, 2016
In the Court of Common Pleas of Elk County
Criminal Division at No(s):  CP-24-CR-0000097-2015

BEFORE:   LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED JUNE 07, 2017**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Elk County following Appellant's conviction on the charges of simple assault and criminal mischief.[1]  Appellant contends the trial court abused its discretion in denying his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On January 30, 2015, Appellant assaulted the nine-year-old victim, and on February 5, 2015, Police Officer Jason A. Miller filed a criminal complaint against

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 3304(a)(1), respectively.

Appellant in the Office of Magisterial District Judge Mark S. Jacob. A preliminary hearing was scheduled for March 10, 2015; however, by letter dated February 19, 2015, Officer Miller informed the magisterial district judge that he was "scheduled to be at work related training in Harrisburg on March 10, 2015." *See* Letter, dated 2/19/15. Thus, Officer Miller asked that Appellant's preliminary hearing be continued.

The magisterial district judge rescheduled the preliminary hearing to March 17, 2015, noting such was necessary due to "Continuance requested by Jason A. Miller, Reason: Prosecution Unavailable-Police[.]" *See* Magisterial District Judge's Rescheduling Notice, dated 2/20/15. On March 17, 2015, a preliminary hearing was held, and all charges were bound over to the Court of Common Pleas.

On March 31, 2015, the Commonwealth filed a criminal Information against Appellant, and on April 6, 2015, Appellant waived his formal arraignment. On April 9, 2015, Appellant requested a Bill of Particulars, and after the Commonwealth sent a letter indicating its refusal, Appellant filed a motion to compel answers to Bill of Particulars on April 23, 2015. The trial court held a hearing on the motion, and on June 22, 2015, the trial court filed an order granting Appellant's motion and directing the Commonwealth's response by June 30, 2015.

On November 18, 2015, the Commonwealth filed a praecipe to list Appellant's case for a jury trial, and accordingly, Appellant's case was listed

by the court for jury call on December 7, 2015, with *voir dire* to begin on December 14, 2015.

In the meantime, on November 23, 2015, the Commonwealth answered Appellant's Bill of Particulars, and on November 24, 2015, Appellant filed a motion for relief relative to the Commonwealth's late filing of its answers. On December 7, 2015, the trial court held a hearing on Appellant's motion, and following a hearing, by order dated December 7, 2015, the trial court granted Appellant relief, indicating that jury call was continued until February 1, 2016, with *voir dire* to begin on February 8, 2016. The trial court specifically noted "this time [is] chargeable to the Commonwealth for purposes of Pa.R.Crim.P. 600." Trial Court Order, dated 12/7/15.

On February 8, 2016, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600, and on that same date, jury selection occurred. Subsequently, on March 28, 2016, the trial court held a hearing on Appellant's motion to dismiss.

At the hearing, on direct-examination, Officer Miller confirmed that he personally requested a continuance of Appellant's March 10, 2016, preliminary hearing. N.T., 3/28/16, at 5-6. He testified that he made the request because he "was scheduled to go to [ ] leadership training in Harrisburg, Pennsylvania, on March 10, 11[,] and 12." *Id.* at 6. He noted the training was scheduled well in advance of March 10, 2016, and it was for

purposes of his employment. *Id.* Officer Miller completed the training and received a certificate for "20 hours of training on leadership and law enforcement." *Id.* at 7.

On cross-examination, Officer Miller indicated that he did not have communication with the district attorney's office or otherwise discuss with that office his need for a continuance of the preliminary hearing. *Id.* at 17. Rather, "as a matter of routine course[,]" he wrote directly to the magisterial district judge in order to get a continuance. *Id.*

By order and opinion filed on April 1, 2016, the trial court denied Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600, and Appellant proceeded to a jury trial on April 7, 2016, following which he was convicted by the jury of simple assault. The trial court found Appellant guilty of the summary offense of criminal mischief.

On June 27, 2016, Appellant was sentenced to an aggregate of thirty months' probation, with the first 45 days being served as house arrest without electronic monitoring. Appellant filed a timely post-sentence motion, which the trial court denied on November 4, 2016. This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant's sole claim is the trial court abused its discretion when it denied Appellant's motion to dismiss for the Commonwealth's failure to bring the matter to trial in a speedy fashion as required by Rule 600 of the Pennsylvania Rules of Criminal Procedure. Specifically, he alleges that

the Commonwealth was not duly diligent as it relates to the delay attributed to Officer Miller's request for a continuance of Appellant's preliminary hearing.

We review Appellant's Rule 600 argument according to the following principles:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters..., courts must carefully factor into the ultimate equation not only the prerogatives of the

individual accused, but the collective right of the community to vigorous law enforcement as well.

***Commonwealth v. Armstrong***, 74 A.3d 228, 234–35 (Pa.Super. 2013) (quotation omitted).

Rule 600 provides in pertinent part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The Rule further states:

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

To summarize, the courts of this Commonwealth employ three steps...in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[ ] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

*Armstrong*, 71 A.3d at 236 (quotation marks and quotations omitted).

In the case *sub judice*, we must first determine the mechanical run date under Rule 600. "As the text of Rule 600(A) makes clear, the mechanical run date comes 365 days after the date the complaint is filed." *Commonwealth v. Ramos*, 936 A.2d 1097, 1101 (Pa.Super. 2007) (*en banc*). Here, as the parties agree and the trial court found, the complaint was filed on February 5, 2015, and the mechanical run date was February 5, 2016.

However, as the trial court determined, Appellant's trial did not commence until the parties were present and *voir dire* occurred on February 8, 2016, which was three days after the mechanical run date. *See* Pa.R.Crim.P. 600 cmt. ("A trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire* or to opening argument, or to the hearing of any motions that had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial.") (citations omitted)); *Commonwealth v. Brock*, 619 Pa. 278, 61 A.3d 1015, 1020-21 (2013) ("It is not intended that preliminary calendar calls should constitute commencement of a trial.") (quotation omitted)); *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355

- 7 -

(1988) (holding that, even where the case has been called for trial, the trial is not deemed to have commenced for speedy trial purposes until the jury is empaneled, *voir dire* has occurred, or some other substantial step of trial begins).

This does not end our inquiry, however, as the trial court concluded that the seven-day delay from March 10, 2015, to March 17, 2015, which was attributed to Officer Miller's unavailability and request for a continuance of Appellant's preliminary hearing, constituted "excusable delay," thus resulting in an adjusted run date of February 12, 2016. **See Commonwealth v. Preston**, 904 A.2d 1 (Pa.Super. 2006) (*en banc*) (explaining that "excusable delay" occurs as a result of circumstances beyond the Commonwealth's control despite its due diligence).  We agree.

It is well-settled that "[t]he Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." **Commonwealth v. Hyland**, 875 A.2d 1175, 1191 (Pa.Super. 2005) (citation to trial court opinion omitted).  This legal precept applies to police officers who are necessary witnesses. **See Commonwealth v. Staten**, 950 A.2d 1006 (Pa.Super. 2008) (where an arresting police officer had been assigned to serve warrants on the date scheduled for trial, and the Commonwealth requested a continuance, the delay attributed thereto was "excusable delay"); **Hyland**, **supra** (where trooper, who was affiant and lead investigator, was deployed to Iraq, the

time attributed thereto was "excusable delay" since it was beyond the control of the Commonwealth); ***Commonwealth v. Brawner***, 553 A.2d 458 (Pa.Super. 1989) (where police officer's unavailability due to vacation was beyond the Commonwealth's control, the extension of trial date was "excusable time").

Here, Officer Miller, who was the affiant and lead investigator, was unavailable for March 10, 2015, due to previously scheduled training related to his law enforcement employment. The officer's unavailability was beyond the Commonwealth's control, and thus, we agree with the trial court that the period of time attributed thereto constitutes "excusable delay." Thus, as the trial court held, Appellant's trial commenced prior to the adjusted run date such that there was no Pa.R.Crim.P. 600 violation. ***See Preston***, ***supra*** (discussing "excusable delay" and "adjusted run date").

We specifically find unavailing Appellant's argument that Officer Miller's unavailability does not constitute "excusable delay" since the officer, as opposed to a member of the district attorney's office, requested the continuance without consultation with the district attorney's office. Appellant reasons that the Commonwealth could not have exercised "due diligence" if it was not even aware that the continuance was sought and granted. ***See*** Appellant's Brief at 9-12. Further, citing to Pa.R.Crim.P. 542, he contends that only a "party" may request a continuance and Officer Miller was not a "party." In this vein, he contends the district attorney's office, as

a party to this matter, should have in place policies and procedures so that, if a continuance is required, a member of the district attorney's office makes the request at the preliminary hearing stage.

Initially, we note that Pennsylvania Rule of Criminal Procedure 542 provides, in relevant part, the following:

**Rule 542. Preliminary Hearing; Continuances**

(A) The attorney for the Commonwealth may appear at a preliminary hearing[.]

***

(B) When no attorney appears on behalf of the Commonwealth at a preliminary hearing, the affiant may be permitted to ask question of any witness who testifies.

***

**(G) Continuances**

(1) The issuing authority may, for cause shown, grant a continuance and shall note on the transcript every continuance together with:

(a) the grounds for granting each continuance;

(b) the identity of the party requesting such continuance; and

(c) the new date, time, and place for the preliminary hearing, and the reasons that the particular date was chosen.

Pa.R.Crim.P. 542 (emphasis in original).

Further, the Comment to Rule 542 relevantly provides:

As the judicial officer presiding at the preliminary hearing, the issuing authority controls the conduct of the preliminary hearing generally. When an attorney appears on behalf of the Commonwealth, the prosecution of the case is under the control of that attorney. When no attorney appears at the preliminary hearing on behalf of the Commonwealth, the issuing authority may ask questions of any witness who testifies, and the affiant

may request the issuing authority to ask specific questions. In the appropriate circumstances, the issuing authority may also permit the affiant to question Commonwealth witnesses, cross-examine defense witnesses, and make recommendations about the case to the issuing authority.

Pa.R.Crim.P. 542 cmt.

In interpreting Pa.R.Crim.P. 542 and its Comment, and rejecting

Appellant's claims, the trial court held as follows:

[Appellant] has promoted that the continuance of the preliminary hearing requested by Officer Miller and not by the attorney for the Commonwealth cannot be considered "excusable time" in calculating the adjusted run date for a Rule 600 motion. [Appellant] has made reference to Pa.R.Crim.P. 542(G) which directs that a magisterial district judge is to identify the "party" requesting the continuance. [Appellant] asserts that since the Commonwealth and [Appellant] are the only parties to this case, only the attorney for the Commonwealth should be permitted to request a continuance of a scheduled preliminary hearing. [Appellant] has provided no authority that supports this position.

There is no requirement that the attorney for the Commonwealth appear at a preliminary hearing, with Pa.R.Crim.P. 542(A) including the non-compulsory "may" in addressing the appearance of the Commonwealth's attorney. Pa.R.Crim.P. 542(B) affords the affiant the ability to ask questions of a witness who testifies at a preliminary hearing when no attorney for the Commonwealth is present. Furthermore, the Comment to Pa.R.Crim.P. 542 provides "in the appropriate circumstances, the issuing authority may also permit the affiant to question Commonwealth witnesses, cross-examine defense witnesses, and make recommendations about the case to the issuing authority." [Thus, in]...the reading of Pa.R.Crim.P. 542[,]...the affiant is...the Commonwealth representative in preliminary hearings when an attorney for the Commonwealth is not present....Th[e] court finds that [Appellant's] contention that the Commonwealth's attorney is the only representative of the Commonwealth as a party [in these circumstances] is without merit[.]

- 11 -

Trial Court Opinion, filed 11/4/16, at 1-3. We find no abuse of discretion in this regard. **See** Pa.R.Crim.P. 542 (Preliminary Hearings; Continuances).

It is well-settled that "[t]he Rules of Criminal Procedure are to 'be construed in consonance with the rules of statutory construction[,]' Pa.R.Crim.P. 101(C), which requires us to interpret the provisions in accord with the plain meaning of their terms." **Commonwealth v. Allen**, 630 Pa. 577, 107 A.3d 709, 716 (2014) (citation omitted). In the case *sub judice*, there is no dispute that Officer Miller was the affiant,[2] and accordingly, pursuant to the plain and express language of Rule 542, in the absence of a Commonwealth attorney being present at the preliminary hearing, he was permitted to function as such in a role as limited by the Rule. Consequently, since the Rule provides that Officer Miller was permitted to function as a Commonwealth representative for purposes of questioning witnesses, and if needed, make recommendations to the issuing authority, it would be absurd to conclude Officer Miller was not a "party" for purposes of requesting a continuance. Accordingly, the trial court properly rejected Appellant's claim. **See Commonwealth v. McCoy**, 599 Pa. 599, 962 A.2d 1160, 1168 (2009) ("When there is an interpretation available that gives effect to all of the statute's phrases and does not lead to an absurd result, that interpretation

---

[2] Pa.R.Crim.P. 103, Definitions, provides the following: "Affiant is any responsible person capable of taking an oath who signs, swears to, affirms, or, when permitted by these rules, verifies a complaint and appreciates the nature and quality of that person's act." (bold omitted).

must prevail."); ***Lower Merion Twp. v. Schenk***, 372 A.2d 934 (Pa.Super. 1977) (*en banc*) (holding the Rules of Criminal Procedure are intended by our Supreme Court to posses a similar dignity as that accorded to statutes which are entitled to presumption that the Legislature did not intend a result that is absurd).

Finally, with regard to his Rule 600 claim, we remind Appellant that:

> Most significantly, both Rule [600] and the cases in which we have applied it proceed from the premise that so long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. Thus, we do not apply the Rule mechanically nor will we affirm its application where the trial court's construction of it fails to acknowledge the policies it serves. The Commonwealth's stewardship therefore must be judged by what was done...rather than by what was not done.

***Commonwealth v. Selenski***, 919 A.2d 229, 232 (Pa.Super. 2007) (quotation marks, quotations, and citations omitted).

For all of the aforementioned reasons, we conclude that, in considering the seven-day delay caused by Officer Miller's unavailability, the trial court did not err in concluding that such delay was "excusable," and, therefore, the adjusted run date pertinent to a Rule 600 analysis was February 12, 2016. Consequently, since Appellant's trial commenced prior to the expiration thereof, the trial court did not err in denying Appellant's motion to dismiss pursuant to Rule 600, and thus, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/2017