J-A04031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT PATRICK RUSSELL, JR. | : | |
| | : | |
| Appellant | : | No. 1113 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003197-2021

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JUNE 20, 2024**

Appellant, Scott Russell, appeals from the judgment of sentence following his bench convictions by the Court of Common Pleas of Chester County, for driving under the influence of a controlled substance ("DUI"), and of summary violations for driving without a valid license, failure to use turning signals and failure to use hazard signal lamps.[1] He argues the trial court erred by denying his Motion to Dismiss pursuant to Pa.R.Crim.P. 600. We affirm.

On April 24, 2020, Trooper Matthew Dwyer was on patrol at about 11:35 p.m. in Pennsbury Township on a portion of Cossart Road, known locally as "Devil's Road" because of the frequent DUI and vandalism that occurred on that stretch. At the intersection with Stockford Road he saw a silver Toyota

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(1)(i) & (iii), 1501(a), 3334(a) and 4305(a), respectively.

Corolla signal for a right turn, make that turn and then make an immediate left turn around a median triangle without a signal. The car then came to a stop in the middle of Stockford Road, a two-way road without centerline marking. No other cars were on Stockford Road at that time, but the hazard signals on the silver car were not initiated. N.T. Trial – 3/7/23, 5-11.

The patrol car stopped without activating lights or sirens. Using the patrol car spotlight, Trooper Dwyer could see that the passenger compartment was filled with smoke. The trooper walked up to the driver's window, which Appellant rolled down. A large amount of smoke exited the car through the open window and the trooper immediately smelled the odor of burnt marijuana. There was a person with Appellant in the passenger seat. When asked if there was marijuana in the car, Appellant said there was a "roach," a small amount of cigar paper and burnt marijuana, and more marijuana in the compartment of the driver's side door. He admitted to smoking half a "blunt" while driving the car. The trooper directed the occupants of the car to exit. N.T. Trial – 3/7/23, 11-13.

A search of the silver car resulted in the discovery of marijuana, a grinder and the roach. After the search, the trooper had Appellant go through field sobriety testing, which revealed some swaying, some inability to maintain balance, a speeded-up sense of time and the inability of Appellant's right eye to converge. Appellant's driver's license was expired. The trooper arrested appellant for DUI and took him to Jennersville Hospital, where Appellant consented to a blood draw. The toxicology analysis showed active THC and

metabolites in his system, as well as past use of cocaine. The toxicology results and the video from the trooper's dash camera were introduced at trial. N.T. Trial – 3/7/23, 13-15, 18-27.

The criminal complaint was filed on May 1, 2020. *See* Criminal Complaint, 5/1/20; Trial Court Record, 61-66; N.T. Motion – 5/17/22, 7. The first preliminary hearing was scheduled for August 12, 2020. *See* Magisterial District Judge Docket, 2; Trial Court Record 55, 97; N.T. Motion – 5/17/22, 7-9. It was continued to September 9, 2020, because Appellant failed to appear. *Id*. At the September 9th preliminary hearing date, Appellant again failed to appear. *Id*. The judge issued a bench warrant for Appellant's arrest. Bench Warrant, 9/9/20; Trial Court Record, 70. Appellant was arrested on that bench warrant on August 21, 2021. N.T. Motion – 5/17/22, 10, 23-24; Trial Court Record, 71.

A preliminary hearing was scheduled for September 1, 2021, but again continued so that Appellant could obtain legal representation. *See* Magisterial District Judge Docket, 2; Trial Court Record, 55, 91. The preliminary hearing was held on October 13, 2021, and the case held for court. *Id*. The matter transferred to the Court of Common Pleas for formal arraignment on October 14, 2021. *See* Docket Entries, 8; Trial Court Record, 14. Court administration assigned the Honorable Analisa Sondergard to be the trial judge, and scheduled trial for December 6, 2021. *Id*. On December 3rd, the criminal call of the list was passed and, as a result, trial was administratively rescheduled for December 13. *See* Docket Entries, 9; Trial Court Record, 15. Defendant

moved for a continuance of trial, which was granted on December 13, 2021. *See* Docket Entries, 10; Continuance Order, 12/13/21; Trial Court Record, 16, 101. Trial was rescheduled for January 31, 2022, with the call of the list on January 28, 2022. *See* Docket Entries, 10; Trial Court Record, 16.

Appellant filed a Motion to Dismiss pursuant to Rule 600 on April 11, 2022, in which he alleged that more than 365 days had passed since the filing of the criminal complaint and averred that the Commonwealth failed to exercise due diligence. Appellant's Motion to Dismiss, 1; Trial Court Record, 104. There had been multiple continuances of trial following the defense continuance on December 13, 2021. However, they were irrelevant to Appellant's Rule 600 claim as Appellant conceded that his motion only challenged the time from April 24, 2020, until December 13, 2021, that is, from his arrest until his first continuance of trial. N.T. Motion – 5/17/22, 3.[2]

_____

[2] Appellant also alleged that the 28 days from April 19, 2022, when the motion was initially scheduled to be heard but was continued because a necessary Commonwealth witness was unavailable, until May 17, 2022, when the motion was heard, was delay that should be included in the run period. N.T. Motion – 5/17/22, 4-5; Continuance Order 4/20/22; Trial Court Record, 108. We note that time attributable to resolving a defense motion that puts off trial is generally excluded from the computation of the run period as long as the Commonwealth responds in a reasonable manner. *See Commonwealth v. Hill*, 736 A.2d 578, 587-588 (Pa. 1999); *Commonwealth v. Williams*, 726 A.2d 389, 394 (Pa. Super. 1999) (excluding time attributable to litigation of motion to dismiss under the prompt trial rule). We note further that delay caused by the unavailability of a necessary witness is a circumstance the Commonwealth cannot control. *See Commonwealth v. Hyland*, 875 A.2d 1175, 1191 (Pa. Super. 2005).

At the Rule 600 hearing, the Commonwealth presented the testimony of Trooper Dwyer and Trooper Jesse Crnkovic, who were serially assigned the task of enforcing the bench warrant, to describe the efforts they made to locate and arrest Appellant. *See* N.T. Motion -5/17/22, 6-13, 17-24. In addition, the troopers discussed the protocols for such efforts, the limited allocation of time resources and personnel to those efforts, and tangentially the effect of the COVID pandemic on the efforts. *See id*., 10, 13, 17-18, 23, 25, 30. Appellant argued that the troopers' efforts to serve the bench warrant were insufficient to demonstrate due diligence, while the Commonwealth argued that under the case law a deferential standard is used and what the troopers did was reasonable. *See id*., 33-40. By a written order, the trial court denied Appellant's Motion to Dismiss on May 26, 2022, and then clarified that order, at Appellant's request, to state that it had found the Commonwealth duly diligent on July 14, 2022. *See* Docket Entries, 14-15; Trial Court Record, 20-21, 109, 111; N.T. Clarification – 7/14/22, 2-3.

After additional delays, which include a continuance of trial and issuance of another bench warrant for Appellant's arrest on August 11, 2022, which was quashed on October 5, 2022, Appellant was tried on March 7, 2023. *See* Docket Entries, 16-17. Trial Court Record, 22-23, 116-117, 121-122.

The trial court found Appellant guilty of the above-referenced charges and not guilty of careless driving. *See* Verdict Slip, 3/7/23; Trial Court Record, 123-124; N.T. 3/7/23, 48. On April 4, 2023, the court imposed the mandatory minimum sentence of 72 hours imprisonment with a maximum of six months

imprisonment and credit for nine days served. In effect, Appellant was subject to a time-served sentence. The court also imposed conditions of completing a drug and alcohol evaluation and complying with treatment recommendations and a fine of $1,000 for the DUI. It imposed a total of $250 in fines for the summary convictions. N.T. Sentencing – 4/4/23, 4-5; Sentencing Order, 4/4/23; Trial Court Record, 125-127.

Appellant Filed a timely Notice of Appeal. The trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely filed his Rule 1925(b) Statement in which he raised the following issue:

> The trial court erred in dismissing Appellant's "Motion to Dismiss - Rule 600 Pa.R.Crim.P." filed April 11, 2022. The trial court erred in finding the Commonwealth exercised due diligence.

Appellant' Rule 1925(b) Statement; Trial Court Record, 140.

Our standard of review for a Rule 600 (prompt trial) claim is whether the trial court's ruling was an abuse of discretion:

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

***Commonwealth v. Carl***, 276 A.3d 743, 748 (Pa. Super. 2022) (cleaned up),

***appeal denied***, 292 A.3d 839 (Pa. 2023). ***See also Commonwealth v.***

***Jackson***, 765 A.2d 389, 392 (Pa. Super. 2000).

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

***Commonwealth v. Faison***, 297 A.3d 810, 821 (Pa. Super. 2023). ***See also***

***Commonwealth v. Bradford***, 46 A.3d 693, 702 (Pa. 2012);

***Commonwealth v. Genovese***, 425 A.2d 367, 371 (Pa. 1981);

***Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en*

*banc*). We may also affirm the trial court's denial of Rule 600 relief for any

proper basis on the record, "albeit based on an analysis different from that

articulated by the trial court." ***Jackson***, 765 A.2d at 390.[3]

Relevant to the instant matter, Rule 600 provides that:

> Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

_____

[3] "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018). ***See also In re Jacobs***, 15 A.3d 509 (Pa. Super. 2011).

Pa.R.Crim.P. 600(A)(2)(a). The written complaint was filed on May 1, 2020.

The Rule further provides:

> For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

This Court has held that a Rule 600 analysis entails the following three steps:

> First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

**Commonwealth v. Armstrong**, 74 A.3d 228, 236 (Pa. Super. 2013), **aff'd**, 107 A.3d 735 (Pa. 2014). **See also Carl**, 276 A.3d at 749; **Commonwealth v. Wendel**, 165 A.3d 952, 956–57 (Pa. Super. 2017) (citation omitted).[4]

_____

[4] In 2013, former Rule 600 "was rescinded and new Rule 600 adopted to reorganize and clarify the provisions of the rule in view of the long line of

*(Footnote Continued Next Page)*

In his Rule 600 motion, Appellant alleged that more than 365 days had passed since the filing of the complaint and April 11, 2022, the date the motion was filed. Appellant's Motion to Dismiss, 1; Trial Court Record, 104. This was correct based on calendar days alone, but Appellant made no attempt to delineate between includable or excludable days for the computation of the Rule 600 run period. At the hearing, Appellant limited his Rule 600 claim and the assertion that the Commonwealth had not acted with due diligence to the period from April 24, 2020, until December 13, 2021, that is, from his arrest until his first continuance of trial (and conceding that all the subsequent continuances of trial were defense requested). N.T. Motion – 5/17/22, 3. Per, the rule, however, the relevant time was from the filing of the written complaint, May 1, 2020, until December 13, 2021, a period of 591 calendar days.[5]

_____

cases that have construed the rule." Pa.R.Crim.P. 600, comment. As such, the three-step method to calculating the run period is correct, as it is based on the method used in the long line of cases. A plain reading of the rule would support calculating the run period by counting only includable days, those "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence." Pa.R.Crim.P. 600(C)(1). Doing so would avoid the need for steps one and two and having to convert the number of days into a date certain. A hearing would be necessary only if the number of includable days exceeded the total permitted in the rule. The result is the same using either method in this case.

[5] Appellant was arrested on April 24, 2020. N.T. Motion – 5/17/22, 7. Where, unlike here, the filing of the criminal complaint preceded the arrest, then the period between the filing of the written complaint and the arrest "must be excluded from the computations in paragraphs (C)(1)" of Rule 600, "provided that the defendant could not be apprehended because his or her whereabouts

*(Footnote Continued Next Page)*

During that period of time, Appellant twice failed to appear at scheduled preliminary hearings, on August 12 and September 9, 2020. **See** Magisterial District Judge Docket, 2; Trial Court Record 55, 97; N.T. Motion – 5/17/22, 7-9. **Id**. The preliminary hearing judge issued a bench warrant for Appellant's arrest when he failed to appear a second time. Bench Warrant, 9/9/20; Trial Court Record, 70. Appellant was arrested on that bench warrant on August 21, 2021. N.T. Motion – 5/17/22, 10, 23-24; Trial Court Record, 71. In other words, Appellant had failed to appear for two scheduled court hearings, and only appeared in court when he was arrested on a bench warrant 374 days after the first scheduled preliminary hearing. **See also** Trial Court Opinion 5-6.

Delay caused by Appellant "must be excluded from the computations in paragraphs (C)(1) and (C)(2)…" of Rule 600 "at any stage of the proceedings as results from either the unavailability of the defendant or the defendant's attorney[.]" Pa.R.Crim.P. 600, comment – Computation of Time. Here, as established in the record, the 374-day delay was attributable to Appellant's unavailability at court listings, that is, failing to appear at preliminary hearing dates though provided notice.

> Principally, and conceptually significant for purposes of the instant case, delays caused by the defendant do not count toward the 365 days provided to the Commonwealth. Because the Commonwealth is allotted the full time period within which to bring the defendant to trial, Rule 600 "seeks to prevent the Commonwealth from being

were unknown and could not be determined by due diligence." Pa.R.Crim.P. 600, comment – Computation of Time.

accountable for those delays in the commencement of trial where they result from actions properly attributable to the defense." ***Commonwealth v. Morgan***, 484 Pa. 117, 398 A.2d 972, 974-75 (1979).

***Commonwealth v. Barbour***, 189 A.3d 944, 955–56 (Pa. 2018).

Since the origin of the rule, this Court has applied the intuitive precept that, where a defendant voluntarily fails to appear for a required court proceeding, the resulting delay is attributable to him alone, and shall be excluded from the time chargeable to the Commonwealth. When performing the Rule 600 computation, "the general rule is that, where a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he has notice, exclusion is warranted." ***Commonwealth v. Baird***, 601 Pa. 625, 975 A.2d 1113, 1118 (2009); ***see also Commonwealth v. Cohen***, 481 Pa. 349, 392 A.2d 1327, 1331 (1978) (holding that "a defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself" and "the Commonwealth is entitled to an exclusion of this period … without the requirement of a showing of its efforts to apprehend the defendant during the period of his absence"). In both ***Cohen*** and ***Baird***, the defendants failed to appear for their arraignments, resulting in delays excludable from the Rule 600 computation. ***See Cohen***, 392 A.2d at 1329; ***Baird***, 975 A.2d at 1114. This sensible exclusion applies equally to a defendant's absence from other pre-trial proceedings at which his appearance is required. By way of example, the Superior Court correctly deems excludable any delay caused by a defendan's failure to appear for a preliminary hearing. ***See, e.g., Commonwealth v. Armstrong***, 74 A.3d 228, 236 (Pa. Super. 2013), ***aff'd on other grounds***, 630 Pa. 621, 107 A.3d 735 (2014); ***Commonwealth v. Peterson***, 19 A.3d 1131, 1137 (Pa. Super. 2011) (*en banc*), ***aff'd***, 615 Pa. 587, 44 A.3d 655 (2012).

***Id***. at 956 (footnote deleted).

Our review of the record shows that Appellant had notice of the scheduled preliminary hearing on August 12, 2020. The Notice of the Preliminary Hearing and the Summons for Appellant to appear at the

Preliminary Hearing are in the record and show on their face that they were mailed to Appellant at his address in Marcus Hook on May 6, 2020. **See** Notice for Preliminary Hearing, 1-3; Trial Court Record, 82-84 and Summons for Criminal Case, 1-2; Trial Court Record, 74-75. The Marcus Hook address was the one that Appellant provided at the time of his arrest, and also corresponds to the address associated with his driver's license. N.T. 5/17/22, 15, 22.

There is also inferential support for our conclusion that Appellant received the notice of the preliminary hearing mailed to his designated address. His parents were present in court for the August 12, 2020 preliminary hearing. N.T. 5/17/22, 8 (Trooper Dwyer testifying that Appellant's "parents were present at the court, but [Appellant] wasn't, and the judge granted a continuance"). This shows that the notice was received. Furthermore, Appellant argues on appeal that the Marcus Hook address was correct. He specifically notes that "Trooper Dwyer acknowledged that [Appellant] provided his address, which was in Marcus Hook, Pennsylvania, at the time of the traffic stop" and then, in arguing for the persuasiveness of an 1973 Oregon court decision, highlights that the Oregon court found "police were negligent for failing to serve a warrant for 6½ months when the police had the defendant's address at all times." **See** Appellant's Brief, 7, 23. The Oregon court's ruling would have been irrelevant, and not at all persuasive, if the Marcus Hook address was not valid. In any event, Appellant is estopped from arguing otherwise. The Pennsylvania Supreme Court "has stressed that Rule 600 was never intended to be used as a device by which a defendant may escape

responsibility for his actions." ***Barbour***, 189 A.3d at 958–59 (internal quotation marks omitted).

Accordingly, the 374 days of delay attributable to Appellant's unavailability should have been excluded from the computation of the run period without regard to whether the troopers' search for him constituted due diligence. ***Barbour***, 189 A.3d at 956; ***Cohen***, 392 A.2d at 1331; ***Peterson***, 19 A.3d at 1137; ***Armstrong***, 74 A.3d at 236; ***Commonwealth v. Wright***, 178 A.3d 884, 888 (Pa. Super. 2018).[6] Thus, on December 13, 2021, when Appellant began to seek continuances of trial (also resulting in excludable time as a matter of law), only 217 non-excludable days, at the most, had passed. The end of the Rule 600 period had not been reached. Therefore Appellant, who was the cause of the litigated period of delay, was not entitled to the dismissal of all charges. ***Commonwealth v. Solano***, 906 A.2d 1180, 1189 (Pa. 2006) (holding that properly accounting for excludable delay at the preliminary hearing "brings the commencement of trial within the requisite 365-day window," and so there was no error in denying a Rule 600 motion). Accordingly, the trial court did not err by properly denying Appellant's motion to dismiss.

_____

[6] "When an [Appellant] who is on bail and who has notice of a scheduled court proceeding in his case fails to appear in court at the appointed time, he has violated the conditions of bail, and the Commonwealth is entitled to count any period of delay as excusable time ...; a showing of due diligence is not required." ***Commonwealth v. Vesel***, 751 A.2d 676, 680 (Pa. Super. 2000) (quoting ***Commonwealth v. Byrd***, 472 A.2d 1141, 1143-1144 (Pa. Super. 1984)).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024