J-S21040-24

2024 PA Super 264

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NYAIRE GRAVES | : | No. 1238 EDA 2023 |

Appeal from the Order Entered May 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003928-2022

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

OPINION BY MURRAY, J.:                          **FILED NOVEMBER 12, 2024**

The Commonwealth of Pennsylvania appeals from the order dismissing the charges against Nyaire Graves (Defendant), based on a violation of Pennsylvania's speedy-trial rule, Pa.R.Crim.P. 600.  After careful review, we affirm.

The trial court aptly summarized the relevant procedural history of this case:

> **On November 4, 2021,** [**the Commonwealth**] **filed a Criminal Complaint against** [**Defendant**].  On April 6, 2022, approximately five months later, [Defendant] was arrested for [the charges set forth in the complaint, which included] one count [each] of manufacture, delivery, or possession with intent to manufacture or deliver [a controlled substance, possession of a controlled substance, and] possession of a firearm with manufacturer number altered.  [***See*** 35 P.S. § 380-113(a)(30), (16); 18 Pa.C.S.A. § 6110.2.]

The mechanical run date of the criminal complaint was November 4, 2022[,] for purposes of Rule 600(A). N.T., 5/3/23, at 5.

**On January 24, 2023,** [**Defendant**] **filed a Motion to Dismiss pursuant to Rule 600(A)** arguing that [the Commonwealth] did not meet [its] burden of due diligence and failed to exercise due diligence throughout the life of the case primarily due to pre-arrest delay. **During argument, [the Commonwealth] admitted the prearrest delay was an example of "non-perfect diligence" by the Philadelphia Police Department**. N.T., 5/3/23, 10-11.

On January 25, 2023, [the Commonwealth] responded to [Defendant's] motion arguing the run date should be adjusted to August 24, 2023, due to its diligence throughout the case.

On May 3, 2023, [the trial court] granted [Defendant's] Rule 600(A) motion [to dismiss the charges against him for a Rule 600 violation].

Trial Court Opinion, 7/21/23, at 2 (footnotes omitted; citation and emphasis added; capitalization modified). The Commonwealth timely appealed. The Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

The Commonwealth presents the following issue:

Did the lower court err by dismissing all charges under Rule 600, where the Commonwealth passed all available discovery before the adjusted run date, and where trial was only thereafter delayed due to an outstanding forensic lab report that the Commonwealth had ordered months previously and was outside of its control?

Commonwealth's Brief at 4.

In evaluating Rule 600 issues, "our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Carl*, 276 A.3d 743, 748 (Pa. Super. 2022). "The proper application of discretion requires adherence to the law, and we exercise plenary review of

- 2 -

legal questions." ***Commonwealth v. Baird***, 975 A.2d 1113, 1118 (Pa.

2009) (internal citation omitted).

We review challenges to a trial court's ruling on a Rule 600 motion

bearing in mind that:

> Our standard of review in evaluating speedy trial issues is whether the trial court abused its discretion, and our scope of review is limited to the trial court's findings and the evidence on the record, viewed in the light most favorable to the prevailing party. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] … discretion is abused.
>
> ….
>
> Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution in criminal cases. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.

***Commonwealth v. Speed***, ___ A.3d ___, 2024 Pa. Super. LEXIS 391, 2024 PA

Super 206 (Pa. Super. filed Sept. 11, 2024) (slip op. at 6-7) (quoting

***Commonwealth v. Womack***, 315 A.3d 1229, 1237 (Pa. 2024) (formatting

modified; citations omitted)). "[O]ur scope of review is limited to the trial

court's findings and the evidence on the record, viewed in the light most

favorable to the prevailing party." ***Womack***, 315 A.3d at 1237 (citation

omitted).

Rule 600 mandates, in relevant part, the following:

[**(A)**]**(2)** Trial shall commence within the following time periods.

> **(a)** Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

**(C)** Computation of Time

**(1)** For purposes of paragraph (A), **periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time** within which trial must commence.  Any other periods of delay shall be excluded from the computation.

* * *

**(D)** Remedies

**(1)** When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated.  A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing.  The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(A), (C), (D) (emphasis added).

The Rule 600 analysis thus entails three steps:

> First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C).  We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> **If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]).**  As we have explained, Rule 600[]

- 4 -

encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Commonwealth v. Wendel*, 165 A.3d 952, 956-57 (Pa. Super. 2017) (citation omitted).

*Carl*, 276 A.3d at 748-49 (emphasis added). It is the Commonwealth's burden to demonstrate due diligence by a preponderance of the evidence to avail itself of an exclusion under Rule 600. *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010).

Regarding a *trial court's delay* in scheduling the case for trial, our Supreme Court elucidated that,

in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; **if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion.**

*Commonwealth v. Harth*, 252 A.3d 600, 618 (Pa. 2021) (emphasis added); *accord Commonwealth v. Lear*, 2024 Pa. LEXIS 1571 *21 (Pa. filed October 24, 2024).

The Commonwealth filed its criminal complaint against Defendant on November 4, 2021. Criminal Complaint, 11/4/21. Thus, under Rule 600, the mechanical run date for Defendant's trial was Thursday, November 4, 2022.

Police arrested Defendant on April 6, 2022.[1] The trial court determined, and the Commonwealth agreed, the delay between the filing of the criminal complaint and Defendant's arrest is not excludable, as the Commonwealth had not acted with due diligence in apprehending Defendant. ***See*** Commonwealth's Brief at 13 ("The Commonwealth does not dispute that this 153-day period of delay was includable in the Rule 600 calculation."); ***see also*** Trial Court Opinion, 7/21/23, at 2-3 (unpaginated) (finding the Commonwealth did not act with due diligence in apprehending Defendant). The Rule 600 run date for Defendant's trial remained November 4, 2022.

The Commonwealth argues other specific time periods should have been excluded from the trial court's Rule 600/speedy trial calculation. Commonwealth's Brief at 13. The Commonwealth claims an excludable delay of 25 days was caused by the unavailability of Philadelphia Police Detective Timothy Gibson for the April 22, 2022, preliminary hearing. ***Id.*** The Commonwealth asserts that delays attributable to the unavailability of police witnesses are excludable. ***Id.*** (citing ***Wendel***, 165 A.3d at 957). To support its claim, the Commonwealth points to the docket entry for April 22, 2022. ***Id.*** That docket entry stated, in relevant part, the following:

> Defense is ready. … Commonwealth is not ready, witness is unavailable. Next Court Date 5/17/2022 ….

---

[1] Defendant was released on bail following his arrest. Bail was modified on April 22, 2022. Bail Modification Order, 4/22/22.

Docket, 4/22/22. At the Rule 600 hearing, the Commonwealth offered no other reasons for this delay. The Commonwealth nevertheless claims, "[a]dding the above-mentioned 25 days of [excludable] delay results in an adjusted run date of November 29, 2022." Commonwealth's Brief at 14.

We observe that in **Wendel**, this Court addressed a Rule 600 issue, where the unavailability of the arresting officer caused a seven-day delay of the preliminary hearing. **Wendel**, 165 A.3d at 957. This Court deemed the delay excludable time for Rule 600 purposes:

> It is well-settled that [t]he Commonwealth cannot be held to be acting without due diligence **when a witness becomes unavailable due to circumstances beyond its control**. This legal precept applies to police officers who are necessary witnesses.
>
> Here, Officer [Jason] Miller, who was the affiant and lead investigator, was unavailable for March 10, 2015, due to previously scheduled training related to his law enforcement employment. [At the Rule 600 hearing, Officer Miller additionally testified regarding his previously scheduled training. **See id.** at 954.] The officer's unavailability was beyond the Commonwealth's control, and thus, [this Court] agree[d] with the trial court that the period of time attributed thereto constitutes excusable delay….

**Id.** at 957-58 (internal quotation marks and citations omitted; emphasis added).

Here, by contrast, the Commonwealth offered no reasons for Detective Gibson's unavailability, or evidence establishing his absence was beyond the Commonwealth's control. Thus, the Commonwealth failed to demonstrate its due diligence by a preponderance of the evidence. **See Selenski**, 994 A.2d

at 1089. As a result, the 25-day delay of the preliminary hearing is not excludable time for Rule 600 purposes. The Rule 600 run date for trial remained November 4, 2022.

Our review also discloses a delay by the Commonwealth in delivering discovery related to statements made by Defendant and a co-defendant, Tyrell Anderson (Anderson). The record reflects that on May 7, 2022, Assistant District Attorney Amando Dominick (Attorney Dominick) emailed Detective Gibson requesting the statements of Defendant and Anderson. Commonwealth Exhibit C-3. Four months later, on September 8, 2022, Attorney Dominick emailed Defendant's counsel advising that the statements of Defendant and Anderson had been requested from Detective Gibson. N.T., 5/3/23, Commonwealth's Exhibit C-4. On October 18, 2022, Attorney Dominick emailed Defendant's counsel that he had "just received" a video of Anderson's interaction with detectives. Commonwealth's Exhibit C-5. There is no evidence regarding the Commonwealth's efforts to obtain the statements between May 7, 2022, and October 18, 2022. Without a preponderance of the evidence establishing the Commonwealth's diligence, the Rule 600 run date for trial remained November 4, 2022. *See Selenski*, 994 A.2d at 1089.

The Commonwealth next argues it had passed all *available* discovery to Defendant on October 17, 2022, "when only 322 days of potentially includable time had passed." Commonwealth's Brief at 14. However, the Commonwealth concedes that discovery was incomplete until the delivery of

the Firearms Identification Report (FIU report) to Defendant. ***Id.*** at 15. The Commonwealth delivered the FIU report to Defendant on January 18, 2023, beyond the November 4, 2022, run date. ***Id.*** at 15. According to the Commonwealth, "the evidence here showed that the report was incomplete only because all of the FIU examiners were inundated with 'major casework.'" ***Id.*** at 14 n.2. The Commonwealth claims there "was no suggestion, much less a shred of evidence, that the delay in the promptly ordered FIU report was at all the fault of the Commonwealth." ***Id.*** The Commonwealth contends, "[d]elays due to outstanding forensic lab results are excusable." ***Id.*** at 14 (citing ***Commonwealth v. Frye***, 909 A.2d 853, 858-59 (Pa. Super. 2006)).

At the Rule 600 evidentiary hearing, the Commonwealth presented its initial written request for the FIU report, dated April 18, 2022. N.T., 5/3/23, at 12; Commonwealth's Exhibit C2. The Commonwealth's exhibits documented that on January 11, 2023, Commonwealth paralegal Grace Tinney emailed the FIU advising,

> I have a case listed [] next Thursday, 1/19, with an outstanding FIU report. I was just wondering if there is any chance you could check on the status?

Commonwealth's Exhibit C-6. The FIU responded by email:

> [T]his case has not been assigned to anyone & the report is not done. I will try and assign the job but please know that all (6) of my examiners are currently in the middle of major casework.
>
> I will email you when it is assigned but please call Friday if you do not hear from me.

*Id.* The Commonwealth ultimately emailed the FIU report to Defendant on January 18, 2023, well beyond the November 4, 2022, run date.

The evidence on the record demonstrates that the FIU tendered the report within one week of the Commonwealth's January 11, 2023, request. On the record, there is no evidence of any due diligence by the Commonwealth to obtain the report between April 18, 2022, and January 11, 2023.[2] Consequently, this delay is not excludable time for Rule 600 purposes. ***See Selenski***, 994 A.2d at 1089. The Rule 600 run date for Defendant's trial remained November 4, 2022.

Finally, the record discloses a judicial delay in scheduling Defendant's trial. At a conference on September 8, 2022, the trial court scheduled trial for January 26, 2023, beyond the Rule 600 run date. The Commonwealth

---

[2] To discern whether the Commonwealth acted with due diligence and established excludable delay, it is clarifying to ask: (a) whether the Commonwealth put forth a **reasonable effort** to provide the FIU report to Appellee, given that the Commonwealth made no efforts to obtain this report for almost eight months; and (b) whether the delay was **beyond the Commonwealth's control**. ***See Selenski***, 994 A.2d at 1089 ("[d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort") (citation omitted); ***Frye***, 909 A.2d at 858 (delay may be treated as excusable or excludable if due to "circumstances beyond the Commonwealth's control and despite its due diligence" (citation omitted)). Here, although the FIU lab was busy it was able to produce the FIU report within seven days of the Commonwealth's follow-up. Therefore, the delay was not beyond the Commonwealth's control nor did the delay occur despite the Commonwealth's reasonable efforts. Accordingly, the Commonwealth failed to establish due diligence and excludable delay in this instance.

argues that this judicial delay is excludable time for Rule 600 purposes. Commonwealth's Brief at 15. We disagree.

Our Supreme Court has clearly stated, "a trial court may invoke 'judicial delay' in order to deny a defendant's Rule 600 motion to dismiss **only after the Commonwealth has demonstrated that it complied with the due diligence requirements of Rule 600 <u>at all relevant periods</u> throughout the life of the case**." **Harth**, 252 A.3d at 603 (emphasis added).

The evidence set forth above failed to demonstrate "it complied with the due diligence requirements of Rule 600 at all relevant periods[.]" **Id.** Applying **Harth**, the Commonwealth's claim of excludable time based on "judicial delay" warrants no relief. **See id.** The Rule 600 run date for Defendant's trial remained November 4, 2022. Thus, the Commonwealth was not ready for trial on November 4, 2022.

Under the foregoing circumstances, we discern no error or abuse of the trial court's discretion in dismissing the charges against Defendant for a violation of Pa.R.Crim.P. 600. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/12/2024</u>